# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ISAAC JONES,

        Petitioner,                              Case Number: 06-CV-11609

v.                                                            HON. NANCY G. EDMUNDS

KENNETH MCKEE,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY HABEAS PETITION AND ADMINISTRATIVELY CLOSING CASE

Petitioner Isaac Jones has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, challenges his convictions on two counts of armed robbery and unlawfully driving away an automobile. Petitioner has now filed a Motion to Stay Habeas Petition, in which he asks the Court to hold his petition in abeyance so that he may return to state court to present an unexhausted claim. The Court shall grant Petitioner's motion, stay the present petition provided that Petitioner promptly files a claim for collateral review in state court, and administratively close the matter.

## I.

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of the above-listed offenses. He was sentenced to concurrent prison terms of twenty to forty years imprisonment for the armed robbery convictions, and two to five years imprisonment for the unlawfully driving away an automobile conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, claiming ineffective

assistance of counsel on the ground that counsel failed to secure an expert witness in identification and failed to secure an alibi witness. The Michigan Court of Appeals affirmed Petitioner convictions. People v Jones, No. 245595 (Mich. Ct. App. June 17, 2004). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied. People v. Jones, No. 126656 (Mich. Dec. 29, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting a single claim for relief:

> Effective assistance requires counsel to conduct a reasonable investigation. The only evidence was a victim's identification testimony. Counsel didn't make a timely request for the production of an identified alibi witness. And counsel made no effort to secure an expert on eyewitness identification. The Michigan courts used an unreasonable application of clearly established federal law when decided that counsel's performance was constitutionally effective.

## II.

Petitioner has filed a Motion to Stay Habeas Petition, so that he may present an unexhausted claim in state court before amending his habeas petition to present this claim. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

If outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, a federal court may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines v. Weber, 544 U.S. 269, 278 (2005). If the Court dismisses the current petition, Petitioner's ability to timely re-file a petition for writ of habeas corpus following the exhaustion of his claim in the state courts will be placed in jeopardy, because, at

the time he filed his petition, it appears that only approximately one day remained in the applicable limitations period. *See* 28 U.S.C. § 2244; Vroman v. Brigano, 346 F.3d 598, 601 (6th Cir.2003). Accordingly, the Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.

Petitioner argues that his unexhausted claim was not presented in state court because it is newly discovered. The Court finds that Petitioner has asserted good cause for failing previously to present this claim in state court. In addition, the Court finds that this claim is not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See* Rhines, 544 U.S. at 277-78. Therefore, the Court shall grant the request and stay further proceedings in this matter pending Petitioner's exhaustion of his unexhausted claim.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See* Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See* id. Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See* id. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." Palmer, 276 F.3d at 781 (internal quotation omitted).

### III.

Accordingly, it is **ORDERED** that Petitioner's Motion to Stay Habeas Petition [dkt. #

3

17] is **GRANTED**.  If Petitioner fails to file a motion for relief from judgment with the state trial court within **sixty days** from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice.  Petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings.  If Petitioner files an amended petition, Respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **sixty days** thereafter.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.  Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  January 29, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 29, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

4